UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY MCBRIDE, III, #457947                            CIVIL ACTION

VERSUS                                                  NUMBER: 21-1140

SHERIFF CRAIG WEBRE, ET AL.                             SECTION: "T"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Sidney McBride, III, against Defendants, Lafourche Parish Sheriff Craig Webre, Major Davis, and Ms. Nellie of the Lafourche Parish Correctional Complex ("LPCC").

Plaintiff is an inmate of the Terrebonne Parish Criminal Justice Complex ("TPCJC") who was previously confined at LPCC. While he was so confined at LPCC Plaintiff initiated a lawsuit in this forum entitled *McBride v. Webre, et al.*, No. 21-CV-0052 "T"(5) in which he complained of the alleged use of excessive force against him. After being transferred from TPCJC to LPCC during the pendency of the aforementioned lawsuit, the Defendants filed a motion to dismiss in that matter, the service copy of which was apparently mailed to Plaintiff at LPCC by counsel for the Defendants. (*See* rec. docs. 9, 16 in No. 21-CV-0052). Plaintiff now alleges that he has been the victim of intentional infliction of emotional distress in that the LPCC-affiliated Defendants failed to forward to him at TPCJC the motion to dismiss that had been filed in No. 21-CV-0052, potentially resulting in the dismissal of that earlier lawsuit. Plaintiff seeks some $200,000.00 in compensatory damages. (Rec. doc. 1, pp. 5-6).

As noted earlier, Plaintiff has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 5). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law

or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff alleges that Defendants failed to forward to him at TPCJC a service copy of a motion to dismiss that had been filed in No. 21-CV-0052 and mailed to him at LPCC while he was incarcerated at that facility.  Assuming for present purposes that officials at one penal institution have an affirmative duty to forward prisoners' mail to them whenever they may be transferred to a different facility or released, Plaintiff cannot demonstrate that his position as a litigant in No. 21-CV-0052 was prejudiced by that failure.  *Whiting v. Kelly*, 255 Fed.Appx. 896, 898-99 (5th Cir. 2007); *Walker v. Navarro*, 4 Fed.3d 410, 413 (5th Cir. 1993).  A review of the record in that earlier lawsuit reveals that said matter was dismissed not because he failed to file a memorandum in opposition to the Defendants' motion to dismiss as a result of the failure of LPCC officials to forward his mail to TPCJC, but because he himself failed to file a memorandum in opposition to the motion after he was specifically granted an extension of time to do so by the District Judge.  (*See* rec. docs. 17-20 in No. 21-CV-0052).  There being no showing that Plaintiff's position as a litigant in No. 21-CV-0052 was prejudiced as a result of any act or omission of the Defendants, he has failed to state a claim upon which relief can be granted under §1983.  *Walker*, 410 F.3d at 413.  Moreover, as Plaintiff makes no showing of having suffered a physical injury as a result of the acts or omissions of the Defendants, his request for compensatory damages is not tenable here as damages for mental or emotional injury suffered while in custody are not recoverable

under §1983.  42 U.S.C. §1997e(e).  Feelings of fear and anxiety do not qualify as physical injuries under §1997e(e).  *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  4th  day of    October        , 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.